[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
 INTRODUCTION
The complaint in this case alleges that the plaintiff was, at all relevant times, an officer or employee of the State of Connecticut ("State"), and it seeks indemnification from the defendants Richard Blumenthal, Attorney General of the State, and the State pursuant to § 5-141d of the General Statutes (all further section references are to the General Statutes), for costs incurred by him in defending against claims asserted against him before agencies of the State and in defending an action brought in the United States District Court, all of which were based on acts allegedly committed by the plaintiff in the course of his employment. The defendants have moved to dismiss on the ground that the doctrine of sovereign immunity deprives the court of subject matter jurisdiction in this case.
In excerpted form, § 5-141d provides:
 (a) The state shall save harmless and indemnify any state officer or employee . . . from financial loss and expense arising out of any claim, demand, suit or judgment by reason of his . . . alleged deprivation of any person's civil rights or other act or omission resulting in damage or injury . . . if the officer, employee or member is found to have been acting in the discharge of his duties or within the scope of his employment and such act or omission is found not to have been wanton, reckless or malicious. CT Page 13468-db
. . .
 (c) Legal fees and costs incurred as a result of the retention by any such officer, employee . . . of an attorney to defend his interests in any such civil action or proceeding shall be borne by the state only in those cases where . . . the officer, employee . . . is thereafter found to have acted in the discharge of his duties or in the scope of his employment, and not to have acted wantonly, recklessly or maliciously. Such legal fees and costs incurred by a state officer or employee shall be paid to the officer or employee only in such amounts as shall be determined by the Attorney General to be reasonable.
 DISCUSSION
The defendants acknowledge that § 5-141d provides a right of indemnification to certain persons. However, the defendants deny that a remedy exists to enforce that right because, they claim, the sovereign is clothed, absent an express statutory grant of the right to sue, with immunity from suit and because there exists no express statutory authority to sue the State for claimed violations of § 5-141d.
In Hunte v. Blumenthal, 238 Conn. 146 (1996), the court directed the entry of a declaratory judgment determining that the plaintiffs, foster parents licensed by the State who were seeking indemnification pursuant to § 5-141d, were employees of the State for purposes of § 5-141d. While the question whether the plaintiffs in Hunte could, as State employees, compel indemnification under § 5-141d was not expressly addressed by the Hunte court, that court would presumably have exercised its authority to dismiss that case, sua sponte, if subject matter jurisdiction had been lacking.
In addition, by directing the issuance of a declaratory judgment that the plaintiffs were State employees, the Hunte court impliedly concluded, as required by § 17-55 of the Practice Book before a declaratory judgment can issue, that the plaintiffs had "an interest, legal or equitable" in their status as State employees. Such a declaration would be a futile act if a remedy to enforce that interest were not available to them. As the court said in Bergner v. State,144 Conn. 282 (1957), ". . . a statute conferring a privilege or a right carries with it by implication everything necessary to ensure the CT Page 13468-dc realization of that privilege or to establish that right in order to make it effectual and complete." (Citation omitted.) Id., 288.
The court was confronted with a similar issue in Martinez v. State, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 377191 (December 22, 2000), where § 53-39a was construed. That statute provides, in relevant part:
 Whenever, in any prosecution of an officer of the Division of State Police . . . for a crime allegedly committed by such officer in the course of his duty as such, the charge is dismissed or the officer found not guilty. such officer shall be indemnified by his employing governmental unit for . . . any legal fees necessarily incurred.
In Martinez the State moved to dismiss on the same ground asserted here, the court concluded that it had jurisdiction to hear the case and the motion to dismiss was denied.
 CONCLUSION
On the basis of Hunte and Martinez, the motion to dismiss is denied.
By the Court
G. Levine, J.